FILED
CLERK
9/15/2025
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
RODNEY GREENIDGE,

        *Plaintiff,*

        -against-

SUFFOLK COUNTY POLICE DEPARTMENT,
COUNTY OF SUFFOLK, and TRAVIS MEEHAN
*individually and in his official capacity*,

        *Defendants.*
----------------------------------------------------------------X

**ORDER**

25-cv-03604 (SJB) (JMW)

**WICKS,** Magistrate Judge:

    Before the Court is Plaintiff Rodney Greenidge ("Plaintiff") and the Suffolk County Police Department, County of Suffolk, and Travis Meehan (collectively, "Defendants") joint application for a stay of discovery (ECF No. 18) pending a decision on Defendants' anticipated motion to dismiss the Amended Complaint for failure to state a claim under Rule 12(b)(6) (*see* Pre-motion letter at ECF Nos. 11 and 17). Though both parties seek a stay, the Court must review to determine whether a stay is warranted consistent with Rule 1's mandate that the Rules "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." For the reasons set forth below, the Court concludes a stay is warranted under the circumstances and therefore the motion (ECF No. 18) is **GRANTED**.

## BACKGROUND

    Plaintiff, an African American man, commenced the underlying action on July 1, 2025 (ECF No. 1.) In his Amended Complaint, Plaintiff asserts claims grounded in violations of Plaintiff's civil rights under the United States Constitution and brought "pursuant to 42 U.S.C. §

1

1983 for racially profiling plaintiff; detaining plaintiff without probable cause; unreasonable seizure of plaintiff's person." (ECF No. 5 at ¶ 5.) Plaintiff contends that he was "tailed" in his car, which was occupied by Plaintiff and three other passengers, by Defendant Meehan, an on-duty police officer operating in a marked vehicle, while driving near Sunrise Highway in Lindenhurst, New York. (*Id.* at ¶¶ 10-11, 14-15.)

Plaintiff was subsequently pulled over by Defendant Meehan and, after being asked for his license, registration, and proof of insurance, Plaintiff demanded that a supervisor officer come to the scene. (*See id.* at ¶¶ 18, 20.) Upon Plaintiff's request for a supervisor officer, Defendant Meehan allegedly "detained and seized" plaintiff, plaintiff's passengers, and plaintiff's vehicle. (*Id.* at ¶ 22.) Plaintiff was ultimately issued one ticket for failing to signal a lane change. (*Id.*) Plaintiff maintains that "his passengers and vehicle were wrongfully and unlawfully stopped and detained for a period of time not less than 20 minutes." (*Id.* at ¶ 23.) Accordingly, Plaintiff asserted causes of action for: (i) equal protection violations under the Fourteenth Amendment to the United States Constitution for the alleged targeting of Plaintiff based on his race, and (ii) an unreasonable seizure made without probable cause or reasonable suspicion in violation of the Fourth Amendment. (*Id.* at ¶¶ 24-38.)

Defendant now seeks to move to dismiss the Amended Complaint in its entirety. (*See* ECF Nos. 11 and 17.)

## LEGAL STANDARD

"'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *L.N.K. International, Inc. v. Continental Casualty Company*, No. 22-cv-05184 (GRB) (JMW), 2023 WL 2614211, at *1 (E.D.N.Y. Mar. 23, 2023) (quoting *Thomas v.*

*N.Y. City Dep't of Educ.*, No. 09-CV-5167, 2010 WL 3709923, at *2 (E.D.N.Y. Sept. 14, 2010)) (citation omitted). The mere filing of a dispositive motion, in and of itself, does not halt discovery obligations in federal court. That is, a stay of discovery is not warranted, without more, by the mere pendency of a dispositive motion. *Gagliano v. United States*, No. 24-cv-07930 (SJB) (JMW), 2025 WL 1104042, at *2 (E.D.N.Y. Apr. 14, 2025) (citing *Weitzner v. Sciton, Inc.*, No. CV 2005-2533, 2006 WL 3827422, at *1 (E.D.N.Y. Dec. 27, 2006)). Rather, "[u]nder Fed. R. Civ. P. 26(c), a district court may stay discovery during the pendency of a dispositive motion for 'good cause' shown." *Alloway v. Bowlero Corp.*, No. 2:24-CV-04738 (SJB) (JMW), 2025 WL 1220185, at *1 (E.D.N.Y. Apr. 28, 2025) (citing *Hearn v. United States*, No. 17-CV-3703, 2018 WL 1796549, at *2 (E.D.N.Y. Apr. 16, 2018). In evaluating whether a stay of discovery pending resolution of a motion to dismiss is appropriate, courts typically consider: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Brinkmann v. Town of Southold, New York*, No. 21-cv-02468 (LDH) (JMW), 2022 WL 3912974, at *1 (E.D.N.Y. Aug. 31, 2022) (citation omitted). "Courts also may take into consideration the nature and complexity of the action, whether some or all of the defendants have joined in the request for a stay, and the posture or stage of the litigation." *Vida Press v. Dotcom Liquidators, Ltd.*, 22-cv-2044 (HG) (JMW), 2022 WL 17128638, at *1 (E.D.N.Y. Nov. 22, 2022) (quoting *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006)).

It is against this backdrop that the Court considers the present application.

**DISCUSSION**

   A. **Whether Defendants Have Made a Strong Showing That Plaintiff's Claims Are Unmeritorious**

The federal vessel for Plaintiff's claims against Defendant Meehan is § 1983, which provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . .

42 U.S.C. § 1983.

"[S]ection 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred[.]" *Schuloff v. Queens Coll. Found., Inc.*, 165 F.3d 183, 184 (2d Cir. 1999) (internal quotation marks omitted). A plaintiff asserting a § 1983 claim must establish that "(1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." *Snider v. Dylag*, 188 F.3d 51, 53 (2d Cir. 1999). Here, through the Amended Complaint, it appears as though that there has been no constitutional violation on the part of Defendant Meehan considering the purported lane change violation, the reason for Plaintiff being pulled over, constitutes a non-racial reason for pulling Defendant's car over, and conclusory assertions of racial profiling without more will not survive a 12(b)(6) motion. *See Rodriguez v. City of New York*, 649 F. Supp. 2d 301, 307 (S.D.N.Y. 2009) (dismissing a § 1983 claim where, *inter alia*, plaintiff failed to plead "specific facts" linking the individual defendants to the alleged racial profiling).

As for Defendant County of Suffolk, a "municipality can only be held liable for a violation under § 1983, known as *Monell* liability, where a plaintiff proves "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right."

4

*Torcivia v. Suffolk County, New York*, 408 F. Supp. 3d 19, 29 (E.D.N.Y. 2019) (quoting *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007)). Here, it appears that Plaintiff has not adequately pled a causal link between any policy of racial profiling and/or unreasonably stopping African Americans without probable cause and reasonable suspicion and the constitutional violations at issue. *Compare Llerando-Phipps v. City of New York*, 390 F. Supp. 3d 372, 382 (S.D.N.Y. 2005) ("[C]onclusory allegations of racial profiling are insufficient to establish that an unconstitutional policy exists, or that there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation") (internal quotations and citation omitted), *with Perez v. City of New York*, No. 97-cv-2915, 1999 WL 1495444, at *4 (finding that plaintiff sufficiently pled a *Monell* claim, where the Complaint alleged a "municipal policy [of racial profiling] and a causal link between that policy and the constitutional violation").[1]

At this juncture, therefore, it appears Plaintiff's claims would not survive a motion to dismiss for failure to state a claim.

B. **Breadth of Discovery and the Corresponding Burdens**

The potential scope of discovery weighs in favor of granting a stay of discovery. The breadth of discovery in this action for constitutional violations and § 1983 claims would be comprised of paper-intensive document production and numerous depositions of various members of the Suffolk County Police Department and employees of the County of Suffolk. *See Spira v. TransUnion, LLC*, No. 23-cv-04319-NSR, 2023 WL 5664215, at *2 (S.D.N.Y. Sept. 1, 2023). Furthermore, where, like here, Defendants seek to dismiss the entirety of the Amended Complaint, a stay is appropriate. *See Mineo v. Town of Hempstead*, No. 22-CV-04092 (JMA)

---

[1] In considering the present motion, the Court is basing the analysis solely upon the arguments in the pre-motion letter which is not intended to prejudge the motion to dismiss in any way which will be briefed before and considered by the Hon. Sanket J. Bulsara.

5

(JMW), 2023 WL 7283784, at *2 (E.D.N.Y. Nov. 3, 2023) (noting, where defendants' motion to dismiss sought to "dismiss of the entire complaint," that it would be "most prudent" to avoid the costly expenses of discovery conducted in the interim before the motion is decided). Therefore, the reach of discovery sought by Plaintiff, and the corresponding burden that would be placed upon Defendants, tend to counsel in favor of granting the stay "because the parties could not only avoid substantial hardship, but also prevent a waste of precious resources . . . pending the outcome of the motion to dismiss." *Alloway v. Bowlero*, No. 24-CV-04738 (SJB) (JMW), 2024 WL 4827752, at *6 (E.D.N.Y. Nov. 18, 2024); *see Romain v. Webster Bank N.A.*, No. 23-cv-05956 (NRM) (JMW), 2024 WL 3303057, at *5 (E.D.N.Y. July 2, 2024) ("[D]iscovery should be stayed given that all discovery would be for naught if the Complaint is dismissed in its entirety by Judge Morrison as requested."); *see also Fiordirosa v. Publishers Clearing House, Inc.*, No. 21-CV-6682 (PKC)(JMW), 2022 WL 3912991, at *3 (E.D.N.Y. Aug. 31, 2022) (granting a stay where "any prejudice to Plaintiffs would be short-lived in that once the Court rules on [the] motion to dismiss, discovery will either move forward, or will no longer be necessary as the ruling on the motion may reduce, if not eliminate, Plaintiffs' claims."). Accordingly, the breadth and corresponding burdens of discovery justify granting the stay.

C. **Risk of Unfair Prejudice**

There exists little to no prejudice if a stay is granted. The case is still in its nascent stages as an Initial Conference has not been held[2] and a discovery schedule has not been implemented. *See Gagliano*, 2025 WL 1104042, at *4; *Amron v. 3M Minn. Mining & Mfg. Co.*, No. 23-cv-08959 (PKC) (JMW), 2024 WL 263010, at *3 (E.D.N.Y. Jan. 24, 2024) (granting a stay where the case was "still in its early stages" considering a discovery schedule had not been entered and

---

[2] The Initial Conference is set for September 23, 2025 before the undersigned and the parties' were to submit their proposed 26(f) Scheduling Order by September 16, 2025. (ECF No. 12.)

discovery had not begun). Additionally, Judge Bulsara already set pre-motion conference on Defendants' anticipated motion to dismiss (*see* Electronic Order dated September 3, 2025), and the parties have already briefed their pre-motion conference letters. (ECF Nos. 11, 14, 17.) A stay, therefore, would be for only a limited period of time. *See Integrated Systems and Power, Inc. v. Honeywell Intern., Inc.*, No. 09 CV 5874 (RPP), 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) (imposing a stay during the pendency of a motion to dismiss where briefing on the motion would be completed within one month and a stay would therefore delay commencement of discovery "for only a few months"). Moreover, this is a joint application thereby demonstrating *both* parties have expressed a desire to enter into a stay. *See Concern for Indep. Living, Inc. v. Town of Southampton, New York*, No. 24-cv-07101 (RPK) (JMW), 2025 WL 327983, at *4 (E.D.N.Y. Jan. 29, 2025) (finding little to no prejudice if discovery were stayed where "Plaintiff has consented to a stay").

In sum, all three factors weigh in favor of granting a stay.

## CONCLUSION

Based on the foregoing, good cause exists warranting the issuance of a stay of discovery pending the outcome of Defendants' motion to dismiss. Therefore, the motion to stay (ECF No. 18) is **GRANTED** and discovery in this action is stayed pending resolution of Defendants' motion to dismiss. In the event that the motion to dismiss is denied, the parties are directed to file a proposed discovery schedule within ten days of the posting of the Court's order on the

dismissal motion. In addition, the Initial Conference set for September 23, 2025 at 10:30AM before the undersigned is adjourned *sine die*.

Dated: Central Islip, New York
September 15, 2025

SO ORDERED:

/S/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge

8